Harper, J.
The only question before us relates to the instruction of the presiding judge with respect to the statute of limitations. On this point We are of opinion that a new trial must be granted. The provision of the statute of 1712 is very express, that persons who are under the age'of twenty-one years, shall be allowed to bring their actions at any time within two years after they come of age, which time, by the statute of 1788, is extended to four years. The action in the present case was brought before, or immediately after, Mrs. Robertson attained the age of twenty-one. It is supposed that on her marriage the disability of infancy became merged in that of coverture, so that it was incumbent on her and her, husband to bring their action within five years after the marriage. I *325 am not aware of any reason or authority for this opinion. It seems to be contrary to the plain terms of the act, which directs that if a woman shall be feme covert at the time of any cause of action given or accrued, she shall have live years to bring her action. Here the cause of action accrued before the coverture. The act also provides that in case any feme covert shall have any right or claim to any lands or tenements, or any other action or suit whatsoever, she shall have power to constitute an attorney, to prosecute such claim, action or suit, in her own name, or in the name of her husband and self and her husband shall not have power to'abate, discontinue or release her action or suit. This evidently considers it as the suit of the wife and not of the husband. . Suppose the action had been brought by the wife alone under this provision, how could the bar of the statute apply 1 If a feme infant, having cause of action, should marry, and her husband die after the lapse of four years, but before her attaining twenty one, the action would survive. Flow could it be said that she was barred, in contradiction to the express terms of the statute, and how could the action, once gone, be revived by such a contingency 1
*324 P. L. 102, 2 Brev. Dig. 23.
*325 The authorities relied on do not appear to me to touch the question. The English cases do not of course apply, as by the English statute the whole time of coverture, as well as of infancy, is excepted from its operation. The case of Fewell v. Collins, 1 Con. Rep. Tread. 202, only determines in conformity to the English authorities, that successive and cumulative disabilities cannot be connected, and that the statute once beginning to run, will not be arrested by any intervening disability. The cause of action accrued and the woman married during infancy, and it was held that the husband and wife were not entitled to five years after the marriage to bring their action. The case turned on the pleadings. No doubt they might have brought their action within four years after the woman attained twenty-one. So in Demarest v. Wynkoop, 3 Johns. Ch. Rep. 129, in which Chancellor Kent reviews'the English cases, it was held that successive or cumulative disabilities could not be allowed. By the statute of New York, as by the English statute, an infant is allowed ten years after arriving at age, to prosecute a claim to lands; and it was held that a woman having claim to lands, and marrying in infancy, was bound to prosecute her claim within ten years after arriving at age.
The motion for a new trial is granted.'
Johnson, J, concurred.
O’Neall, J. absent.